IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY DENILLO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv1866 |
| | ) | **Electronic Filing** |
| **STARWOOD HOTEL & RESORTS** | ) | |
| **WORLDWIDE, INC.**, d/b/a WESTIN | ) | |
| CONVENTION CENTER, PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 4th day of June, 2013, upon due consideration of plaintiff's Motion for Remand and parties' submissions in conjunction therewith, IT IS ORDERED that [7] plaintiff's motion is granted and pursuant to 28 U.S.C. § 1447(c) this action is remanded to the Court of Common Pleas of Allegheny County forthwith.

Plaintiff Anthony Denillo ("plaintiff") initially commenced this action in the Court of Common Pleas of Allegheny County against defendant Starwood Hotels & Resorts Worldwide, Inc. ("defendant"), setting forth claims for (1) wrongful termination, (2) violation of public policy and (3) detrimental reliance. Plaintiff alleged that defendant wrongfully terminated his employment because he refused to submit to on-site as opposed to off-site drug testing. In support of these claims plaintiff alleged he was (1) impaired in major life activities without the use of prescription medications and (2) a rehabilitated drug user, and defendant's conduct violated state and federal non-discrimination laws pertaining to rehabilitated drugs users or persons suffering from disability; however, he simply alleged mistreatment because of, among other things, his disabilities and did not specify identify the federal law providing for the protection of such rights. See Original Complaint at ¶¶ 12, 28, 29, 40(h), 47, 48, 49.

Defendant filed preliminary objections to the three counts on December 7, 2009. Plaintiff filed a response thereto on January 14, 2010, and indicated therein that "[d]efendant has improperly discriminated against Mr. Denillo, and has violated his rights under the Americans With Disabilities Act, by refusing to grant him reasonable accommodations for his disabilities." Plaintiff's Brief in Opposition at 3; see also id. at 7-8 (identifying federal ADA as reflecting public policy of Pennsylvania). After argument the Court of Common Pleas sustained defendant's preliminary objections on January 14, 2010, with leave for plaintiff "to file an amended complaint along the lines discussed at argument on the videotape record." Plaintiff's amended complaint was due by March 15, 2010.

Plaintiff filed his amended complaint on March 19, 2010. No certificate of service was filed on that date. Neither the amended complaint received by defendant nor the one filed into the court record was signed by counsel or verified by plaintiff.[1] As a result, defendant elected not to respond to the amended complaint.

On December 11, 2012, plaintiff's counsel sent defendant a letter which contained a certificate of service indicating service was made on March 19, 2010, by first class mail. Upon receiving this certificate of service, defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1331 and 1341 based on federal question jurisdiction. On January 22, 2013, plaintiff filed the instant motion to remand.

Defendant contends plaintiff never has serviced his amended complaint on opposing counsel. In this regard it disputes the accuracy of the certificate of service and asserts it did not become aware of the amended complaint until December 11, 2012, when it received plaintiff's backdated certificate of service. It further asserts this was the first point that it became aware that the amended complaint specifically identified the Americans with Disabilities Act ("ADA")

---

[1] It appears that plaintiff's counsel was unfamiliar with the signature requirements for electronic filing.

2

as part of the public policy allegedly violated by defendant, which in turn provided the foundation for removal. Because the backdated certificate of service provided the first notice to defendant that the amended complaint had been filed, defendant maintains it had thirty days from then to remove the action.

In addition, defendant asserts that the specific averments charging that defendant's conduct was in contravention of the ADA purportedly were the only allegations added to the original complaint. Thus, defendant argues that if there is no ADA claim, then plaintiff's amended complaint essentially will be reduced to the original complaint, which was dismissed by the Court of Common Pleas.

Plaintiff contends there is no federal claim in the amended complaint and defendant had notice of the allegations pertaining to the ADA well prior to the December 11, 2012, filing of the certificate of service. First, plaintiff maintains that his allegations pertaining to the ADA are solely "incidental" to his state law claims of wrongful termination at count II and detrimental reliance at count III, and no federal claim is set forth in the amended complaint. Plaintiff thus maintains that an incidental reference to federal law does not supply a basis for removal. Second, the underpinnings of the ADA as raised in conjunction with plaintiff's wrongful termination in violation of public policy claim was clearly made known to defendant by way of plaintiff's brief in opposition to defendant's preliminary objections. The brief was filed and served in state court on January 14, 2010. Further, plaintiff assertedly served defendant with a copy of the amended complaint on March 19, 2010, which gave defendant additional notice of the role of the ADA in formulating plaintiff's amended complaint. Since defendant had notice of the amended complaint as of March 19, 2010, plaintiff argues that it had thirty days from then to remove.

The first issue is whether removal was proper under federal question jurisdiction. If it was, then the second issue is whether the removal was timely.

Removal of a state action to federal court is proper only if the action "originally could have been filed in federal court." Caterpillar v. Williams, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441.[2] Absent diversity of citizenship, federal-question jurisdiction is required to support removal. Id. at 392. The question of whether federal question jurisdiction exists is determined by the "well-pleaded complaint rule," which requires that a federal question be "presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392; see also Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995). Generally, the well-pleaded complaint rule "makes the plaintiff the master of the claim." Id. at 392; see also Trans Penn, 50 F.3d at 228 (same). This rule permits the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Id. at 392.

It is well settled "that for a civil action to arise under 28 U.S.C. § 1331(a), the 'right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action' and that 'the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania, 605 F.2d 119, 122 (3d Cir. 1979) (quoting Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)), accord First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980) (federal law must be

---

[2] The removal statute provides:

> . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4

essential element of plaintiff's cause of action to remove on the basis of federal question jurisdiction).

Here, plaintiff's original complaint did not specifically state a federal claim as one of the enumerated causes of action. Nevertheless, it contained numerous averments which commonly are used to establish liability under the ADA and it alluded to defendant's asserted failure to follow federal law prohibiting discrimination, "including *inter alia*, those dealing with rehabilitated drug users or persons suffering from disability." Complaint at ¶ 48. When plaintiff filed his amended complaint, it presented a straightforward allegation that defendant violated Pennsylvania's public policy by discriminating against plaintiff as a rehabilitated drug user and failing to abide by his rights under the ADA.

While plaintiff correctly notes that the claims of wrongful termination, violation of public policy, and detrimental reliance are not federal claims and he can avoid federal jurisdiction by relying on state law claims, one need not set forth an actual federal claim in order to raise an essential element of a claim that is grounded in federal law. It is enough if a federal statute must be construed and applied to make out a claim for relief. See e.g. Westmoreland Hospital Association, 605 F.2d at 122 ("An action arises under the laws of the United States . . . if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition.") (quoting Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974)). And a claim that is grounded in state law that can be viewed alternatively as providing a basis for relief under federal law is enough to provide a sufficient basis for removal. Id. ("The hospitals' complaint, so viewed, reveals alternative bases for relief against Blue Cross, namely, that the hospitals were entitled to relief under the contract whether it was interpreted according to state law principles or under the federal mental health statutes. Because appellants' complaint was based in part on federal statutes, and federal agency

5

regulations and interpretations, we conclude that there was jurisdiction under 28 U.S.C. § 1331(a). It is immaterial that at trial appellants relied solely on state law principles to make their case."). Plaintiff's claims of wrongful discharge and detrimental reliance both can be construed as state law claims, which if permitted to proceed and proven, would require a construction of federal law and alternatively establish a violation of the ADA. Thus, there was a sufficient basis for federal question removal under Westmoreland Hospital Association.

Because there was a basis for removal, it must be determined whether defendant's notice was timely. It is well-established that the removal statutes are strictly construed against removal and any doubts must be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The thirty day period for timely removal under § 1446(b) is mandatory and cannot be extended. Balestrier v. Bell Asbestos Mines, Ltd., 544 F. Supp. 528, 529 (1982).

The timeliness of removal under § 1446(b) is addressed in two separate paragraphs:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).[3] Pursuant to Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), an initial pleading under the first paragraph is the filing of a complaint, and the thirty day period begins to run only upon service of process and the receipt of the complaint containing a basis for removal. Id. at 347-48 ("a named defendant's time to remove [under the first

---

[3] These paragraphs commonly are referred to as the first and second paragraphs of § 1446(b).

6

paragraph] is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). The second paragraph cannot be used to alter the fundamental requirement that the defendant be made an official party to the proceeding before the court and subject to participate in the legal proceedings before the time for removal commences. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005). Similarly, the Supreme Court's use of the phrase "initial pleading" in Murphy Bros. to mean the complaint requires a like meaning to be ascribed to the use of that phrase in the second paragraph of § 1446(b). Id.

Defendant argues that the initial complaint did not sufficiently raise a basis for federal question jurisdiction. The engrafting of ADA concepts into the formulation of plaintiff's wrongful discharge and detrimental reliance claims and the references to federal discrimination law make this proposition subject to debate. Notwithstanding the room for reasonable jurist to differ, it will be assumed for the sake of argument that more clarity on plaintiff's reliance on the ADA was needed to create a basis for removal.

The second paragraph of § 1446(b) requires defendant to remove within thirty days of receiving notice, by means of a copy of an amended pleading, motion, order, or other paper, that the action had become removable. State Farm Fire and Cas. Co. v. Valspar Corp., Inc., 824 F. Supp.2d 923, 929 (D. S. D. 2010); Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp.2d 428, 431 (E.D. Pa. 2002). As previously noted, plaintiff maintains that his brief in opposition to defendant's preliminary objections clearly provided notice that plaintiff's public policy and detrimental reliance claims were based on the underpinnings of the ADA.

The full scope of the type of legal materials that may satisfy the "other paper" component of the second paragraph remains open to debate. See e.g. Cabibbo, 181 F. Supp.2d at 431. The

7

weight of authority holds that materials such as deposition testimony and answers to interrogatories can qualify as materials which trigger the thirty day period for removal. Id. (examining cases). As a general matter, most courts in the Third Circuit agree that the formal filing requirement that <u>Foster v. Mutual Fire, and Inland Ins. Co.</u>, 986 F.2d 48 (3d Cir. 2002), mandates be present for triggering the period under the first paragraph does not apply to the "other paper" component of the second paragraph. Id. ("With regard to documents more formal, or more integral to a case, than correspondence between parties, other courts in this circuit have likewise refused to extend <u>Foster</u>'s filing requirement to the second paragraph of § 1446(b).") (collecting cases).

Here, defendant had entered an appearance in the state court and defended against the complaint by filing preliminary objections. Plaintiff's brief in opposition to those objections was filed into that court record on January 14, 2010, and received by defendant within three business days thereafter at the latest. This formal court filing stated expressly that plaintiff was maintaining that defendant had "violated his rights under the Americans with Disabilities Act." This filing, when coupled with the ADA language contained in the initial complaint, made clear that plaintiff's state-law wrongful termination in violation of public policy and detrimental reliance claims were undergirded by the ADA in a way that made the potential liability on these claims consistent with liability under the ADA. Consequently, the thirty day period began to run as of that date and removal on December 21, 2012, was untimely.

<u>s/ David Stewart Cercone</u><br>
David Stewart Cercone<br>
United States District Judge

cc: Robert L. Downey, Jr., Esquire
     Erin J. McLaughlin, Esquire
     John F. Quinn, Esquire
     (*Via CM/ECF Electronic Mail*)